JOHN DAY, AN INFANT, BY JOHN DAY, HIS GUARDIAN, APPEL-LANT, *v.* THE BROOKLYN CITY RAILROAD COMPANY, RESPONDENT.

*Corporation — liability of, for acts of servants.*

As plaintiff, a boy fourteen years old, was walking in the street with a can of water, a driver of defendant's cars called to him to give him a drink. The horses being then on a walk the plaintiff stepped on the front platform, gave the can to the driver, who drank therefrom, and returned it to the plaintiff, telling him to hurry off quick. Plaintiff asked him to stop the car, but he paid no attention to him, and as plaintiff was stepping off whipped the horses into a trot. Plaintiff fell, was run over and injured. In an action against the defendant to recover for the damages sustained thereby, *held,* that the acts of the driver were within the scope of his authority, and that the defendant was liable for the injuries occasioned thereby.

APPEAL from a judgment dismissing the complaint herein, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried. The action was brought to recover damages for injuries sustained by the plaintiff in falling from one of defendant's cars. Upon the trial the plaintiff testified: I am going on fourteen years of age; on the 5th day of July, 1874, my mother sent me to the pump for a can of water; the pump was on Myrtle avenue, a little below Canton street; I filled my can with water, and just then the driver of the Greenpoint car, which was coming up the hill, called to me to give him a drink; the horses were on a walk, and I went over and got on the front platform, and gave him the can, from which he took a drink; he then handed me the can and told me to hurry off quick; I said please stop the car, but he paid no attention to me; he was looking the other way; I went to get off and put my left foot first, and my right foot got caught on the step; as I started to get off, the driver touched the horses with his whip and made them go faster; I was thrown and dragged, and then the wheel ran over me; I can't tell how far I was dragged; the driver was looking towards me when he told me to hurry off; then he turned his head; when I started to get off my face was towards the horses; I took hold of the railing with my left hand the can was in my right hand; the driver started the horses on a slight jog; I was on the step when he took hold of the whip; getting off, I stepped my left foot on the ground and my right foot got entangled on the step and I was thrown.

Counsel for defendant moved to dismiss the complaint upon the grounds:

1st. That the driver was an agent merely to perform the duties of a driver, to take care of the horses, and to invite and accept passengers to the car. In other words, a simple agent for a particular purpose, and not a general agent, and such purposes did not embrace authority to exclude or admit persons not passengers to and from the car. His authority was limited to the receipt and discharge of passengers.

2d. That there was negligence on the part of the boy in going from the car while the car was in motion.

3d. That the company owed no such duty to the boy, as made it liable for the acts of the driver.

The court granted the motion, and judgment was entered accordingly.

*Morris & Pearsall,* for the appellant. A railroad corporation may be liable for injury sustained through the negligence of its servants, while acting even against its express instruction is too clear for discussion. (22 N. Y., 309; *Weed* v. *The Panama R. R. Co.,* 17 N. Y., 369; *Sandford* v. *Eighth Ave. R. R. Co.,* 23 id., 346; *Phila. and Reading R. R. Co.* v. *Derby,* 14 How., 468; *Carroll* v. *N. Y. and N. H. R. R. Co.,* 1 Duer, 571.) It is clear upon well-settled principle of law that the plaintiff was lawfully upon the car, and the defendant is liable for the injury he sustained through the negligence of the driver unless the plaintiff's own negligence contributed to the injury. (*Robertson* v. *N. Y. and Erie R. R. Co.,* 22 Barb., 92; *Lackawanna and Bloomsburg R. R. Co.* v. *Chenewith,* 52 Penn., 382; *Milton* v. *Middlesex R. R. Co.,* 9 Am. Rep., 11; *Phila. and Reading R. R. Co.* v. *Derby,* 14 How. [U. S.], 468; *Carroll* v. *N. Y. and N. H. R. R. Co.,* 1 Duer, 591; *Tonawanda R. R. Co.* v. *Munger,* 5 Den., 255; *Munger* v. *Tonawanda R. R. Co.,* 4 N. Y., 319.)

*Winchester Britton,* for the respondent. In the matters proven at the trial the driver was not acting within the scope of his authority. When he asked the boy to come upon the car to furnish him with a drink, he was deviating from the business of defendant for a purpose of his own not within his agency. He was acting for himself and not his employer, and the employer was not responsible for his acts resulting in the injury. (*Eaton* v. *Del., Lack. and Western R. R. Co.,* 57 N. Y., 382–387, 394; *Weed* v. *Panama R. R. Co.,* 17 id., 362; *Mali* v. *Lord,* 39 id., 381; *Hoffman* v. *Ins. Co.,* 5 Bigelow Ins. R., 595; *Cosgrove* v. *Ogden,* 49 N. Y., 255, 257; *Flower* v. *Penn. R. R. Co.,* 69 Penn., 210; cited Wharton on Negligence, 158, note 3; *Isaacs* v. *Third Ave. R. R. Co.,* 47 N. Y., 125; Sherman and Redfield on Negligence, § 63; *Mechanic's Bk.* v. *N. Y. and N. H. R. R. Co.,* 3 Kiernan, 634, 635; *Sleath* v. *Wilson,* 9 Car. & Payne, 617; *McKenzie* v. *McLeod,* 10 Bing., 385; *Sheridan* v. *Charlick,* 4 Daly, 338; see, also, Wharton on Negligence, §§ 162–170 inclusive: *Fleming* v. *Bklyn. City R. R. Co.,* City

Court, Gen. T., not reported.) Plaintiff not being upon the car with consent of defendant as a passenger or otherwise, no legal duty existed toward him upon which negligence can be based. There can be no negligence without an obligation upon which to base it. (*Eaton* v. *Del., etc., ante,* 387 ; *Nicholson* v. *Erie R. R. Co.,* 41 N. Y., 542 ; *Ferry* v. *N. Y. C. R. R. Co.,* 22 Barb., 586 ; *Gillis* v. *Penn. R. R. Co.,* 59 Penn., 129 ; 16 Am. Rep., 619.)

DYKMAN, J.:

The liability of a master for the acts of his servant is founded on his consent thereto, not that the consent is expressed in all cases, because, quite to the contrary of that in most of the cases where recoveries have been had, the servant not only acted without authority, but in actual violation of it. It is necessary, however, to such liability that the act shall be done while the servant is engaged in the master's business and within the scope of his employment.

When authority will be implied for the wrongful act of the servant, so as to render the master liable therefor, is the great point of difficulty which has caused much conflict of judicial opinion, and has given rise to decisions which are apparently conflicting.

In many cases authority must be conferred without any special limitation, and then they have by implication authority to do all things necessary to the execution of such authority. Sometimes they must exercise discretion and sometimes they may use force, and when either are so exercised or used the act becomes that of the master, because it is done for him in the usual course of his business, and so the law works out his assent thereto.

It is in general sufficient to make the master responsible that he gave to the servant an authority or made it his duty to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment.

The master in that case will be deemed to have consented to, and authorized, the act of the servant, and he will not be excused from liability, although the servant abused the authority or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders. (*Rounds* v. *Del., Lack. and West. R. R. Co.,* 64 N. Y., 134.)

These principles have come to be well settled in our State, and have many times received the sanction of our highest appellate court. An exception, however, has been recognized to them, and that is when a servant has committed an act maliciously and with design to commit an injury. In such a case the master is not held liable, because that is an act beyond the scope of his employment, and as to it the relation of master and servant does not exist.

This case must be decided in the light of these principles. The defendant hired a driver for one of its cars and put him in charge of it and of the team that drew it, and committed to him the management of the same so far as the propulsion of the car was concerned. This was a place of trust and responsibility, and the defendant became legally liable for all injuries inflicted by him through lack of judgment or carelessness while in the discharge of this duty.

It was necessary to the performance of this duty that the driver should eat and drink and be clothed. At this time he was thirsty, and the plaintiff got on his car to give him water to drink at his request. As the driver might lawfully ask him to do that, it follows that the plaintiff was rightfully on the car. The request of the driver was not an act of wantonness or malice which would exculpate the defendant.

It was not even beyond the scope of his employment, for there are many purposes for which the driver could ask persons to get on the car besides that of becoming a passenger. He might by accident drop his hat or his whip, or any article connected with his business, and ask a person to get on his car to restore them to him, and thus get such person rightfully there. It is not necessary to the liability of the defendant that the relation of passenger and carrier should exist. In the case cited above the relation did not exist and the plaintiff was wrongfully on the car, and yet the court held that he was entitled to an opportunity to get down with safety. How much more was the plaintiff entitled to do so in this case? He got on the car at the request of the driver to do him an act of kindness, and he ought to have been let off in safety. Instead of that, the car was urged forward and the driver refused to stop, although the plaintiff besought him to do so, and this misconduct caused the injury complained of. It must be borne in mind that

the act of the servant in this case was not outside of the master's business, but, on the contrary thereof, it was connected with it, and whether the act which caused the injury was one of carelessness or misfeasance, the liability of the defendant is the same.

But, suppose the plaintiff was wrongfully on the car. He was subject to removal, but not to injury. The driver could order him off, as he did, but had not the right to do so when the car was moving at a rate of speed which would render it dangerous to obey the order. In the case of Rounds, the baggageman discovered the plaintiff on the car and ordered him off and the plaintiff said, "I can't; the wood is right here; I want you to help me," and he was kicked off, and the plaintiff recovered. Here the plaintiff says: "The driver handed me the can and told me to hurry off quick; I said please stop the car, but he paid no attention to me." He then got off and sustained the injury. Now, what is the difference in principle in these two cases? In the one the plaintiff was forced off by a kick and in the other by a word. The defendant cannot complain that the plaintiff obeyed the driver and got off. Suppose, in the first case, the plaintiff had leaped from the car when he was ordered off instead of waiting to be kicked off, and had sustained the injury, that would not have relieved the defendant, and the recovery would have been the same. So in this case. The plaintiff was driven off the car, and the liability is the same as if he had been forced off.

In any view of the case, therefore, the judgment must be reversed and a new trial granted, costs to abide the event.

BARNARD, P. J., concurred.

GILBERT, J.:

I concur. The defendant intrusted the car to the driver. At the time of the accident he was using it in the ordinary course of his employment. The defendant is, therefore, liable for the driver's negligent management of the car.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.